IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GENIE HARRELL                                                                           PLAINTIFF

v.                                            No. 1:12-cv-20-DPM

INDEPENDENCE COUNTY, ARKANSAS;
ODUS FULMER, Tax Assessor for Independence
County, Arkansas, Individually and in his Official
Capacity; and GREG POTTS, Supervisor,
Independence County, Arkansas Tax Assessor's Office,
Individually and in his Official Capacity                                        DEFENDANTS

ORDER

1. The Independence County Defendants' renewed motion to bar any testimony from Dr. Bradley Hughes, № 31, is granted in part and denied in part. Harrell concedes that Dr. Hughes cannot give expert testimony here. № 34. A treating doctor can offer an expert opinion in addition to testifying about the treatment facts. *E.g., Bland v. Verizon Wireless, (VAW) L.L.C.*, 538 F.3d 893, 897 (8th Cir. 2008). But the doctor must comply with the applicable provisions of Rule 26(a)(2), and respond fully to any applicable discovery, about any expert testimony. *E.g.*, № 31-1 at 13–14. Neither step was taken here. The motion is granted on any expert testimony from this witness.

The motion is denied, though, on any testimony from Dr. Hughes about the facts of his cardiology care and treatment of Harrell. Of course relevance must be shown. FED. R. EVID. 401. And the Court is not informed enough about the case at this point to decide Rule 401 questions. Assuming some relevance, Dr. Hughes may testify about the care-and-treatment details. The Independence County Defendants urge that this will be expert testimony in fact-witness clothing because Dr. Hughes will testify about causation. No. Causation, in these circumstances, is a matter for an expert. *Bland, supra*. And Dr. Hughes, it is conceded and decided, may give no expert opinions.

Harrell timely disclosed Dr. Hughes as a person with knowledge of the facts, a likely witness about his treatment of Harrell, and an expert witness. № 31–1 at 2, 5 & 14–15. The Independence County Defendants did not depose Dr. Hughes because they were waiting on the Rule 26 expert report that never came. This is understandable. The Court therefore reopens discovery until August 9th solely for a deposition of Dr. Hughes, if Defendants want to take one.

**2.** The unopposed motion to extend the dispositive-motions deadline until 2 August 2013 is granted. The motion papers can be supplemented with

testimony from Dr. Hughes as the briefing develops if need be. This case is now first-out for trial on 21 October 2013. To keep things on track for the trial date, the Court imposes the following condensed briefing schedule for dispositive motions.

- Motions due by 2 August 2013
- Responses due by 16 August 2013
- Replies due by 23 August 2013

No extensions absent truly extraordinary circumstances.

\* \* \*

Motion, № 31, granted in part and denied in part. Motion, № 36, granted. Briefing schedule imposed to protect the October 2013 first-out trial setting.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 July 2013