IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GENIE HARRELL                                                                                          PLAINTIFF

v.                                          No. 1:12-cv-20-DPM

INDEPENDENCE COUNTY, ARKANSAS;
ODUS FULMER, Tax Assessor for Independence
County, Arkansas, Individually and in his Official
Capacity; and GREG POTTS, Supervisor,
Independence County, Arkansas Tax Assessor's
Office, Individually and in his Official Capacity              DEFENDANTS

ORDER

Genie Harrell was one of two appraisers who worked for Odus Fulmer, the Independence County Assessor. Harrell and her female co-worker, Robbie Turner, both made $28,000.00 a year. Turner left without notice, and Assessor Fulmer had to scramble to a hire a replacement. Fulmer hired a former County appraiser, Kenny Mize, for $32,000.00 a year. Harrell and Mize both worked for Greg Potts, the County's reappraisal manager. Fulmer became concerned about Harrell's idle time because County residents complained that they had seen her taking long breaks when she was on the job. Fulmer circulated a memo, urging Harrell and Mize to work more

thoroughly, and minimize idle time, when they were out appraising real property. Fulmer also installed GPS tracking devices on Harrell's and Mize's work vehicles without telling them. Mize's GPS data showed that he drove around needlessly. He was not disciplined. Fulmer fired Harrell because her GPS data showed that she was spending a lot of time parked in out of the way places.

Harrell has sued Independence County, Assessor Fulmer, and her supervisor Potts alleging a violation of the Equal Pay Act, disparate treatment and termination under Title VII, echoing constitutional claims under § 1983, and a § 1985 conspiracy. The present question is whether there are issues for trial on any of Harrell's claims. Many of the material facts are undisputed; those that are disputed, the Court takes in the light most favorable to Harrell. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*).

**1. Preliminary Issues.** Four matters need attention at the threshold. First, all claims against Fulmer and Potts in their official capacities are dismissed without prejudice. As the Court has noted, these duplicate Harrell's claims against the County. № 19 at 2. Second, Harrell's individual-capacity Title VII claim against Potts is dismissed with prejudice. Supervisors

may not be held individually liable under Title VII. *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (*per curiam*). Third, the parties have briefed the case as if Harrell's Fourteenth Amendment claims are coextensive with her discrimination claims. The Court therefore need not analyze the constitutional claims separately. Fourth, the issue of qualified immunity rises or falls with the merits. *Twiggs v. Selig*, 679 F.3d 990, 995 (8th Cir. 2012). Given the stage of the case, the Court will discuss qualified immunity as needed issue by issue.

**2. Equal Pay Act.** Harrell has made a *prima facie* case under the Equal Pay Act against her employers, Independence County and Fulmer. No claim exists against her supervisor, Potts. It is undisputed that Harrell received less pay than Mize, her male comparator. And viewing the evidence in the light most favorable to her, Harrell and Mize performed equal work under similar conditions. *Bearden v. International Paper Co.*, 529 F.3d 828, 833 (8th Cir. 2008). Both were County appraisers; they split the work equally; and both were supervised by Potts.

But the County and Fulmer have a solid defense to Harrell's claim. The undisputed facts show that Mize's greater pay was based on factors other

than gender. *Brown v. Fred's, Inc.*, 494 F.3d 736, 740 (8th Cir. 2007). Mize had more field experience than Harrell and had worked for the County as an appraiser before. Assessor Fulmer was in a lurch when Turner, Harrell's first co-worker, quit without notice. He negotiated with a former employee, a known quantity, to fill the vacancy quickly, and had to offer Mize a higher salary to induce him to return to the job. № 40-3 at 2. $4,000.00 is real money. But the difference between Harrell's and Mize's salaries alone is not large enough in the circumstances to support a reasonable inference of gender discrimination. Paying a male employee more because his "experience and ability made him the best person available for the job and because a higher salary was necessary to hire him" is a valid defense under the Equal Pay Act. *Horner v. Mary Institute*, 613 F.2d 706, 714 (8th Cir. 1980).

Alternatively, Fulmer is entitled to qualified immunity here. The right to equal pay across genders is clearly established. The dispositive question thus becomes whether a reasonable person in Assessor Fulmer's place would have known that he was violating clearly established rights by paying Mize a higher salary than Harrell to get him back on the job. *Tuggle v. Mangan*, 348 F.3d 714, 720 (8th Cir. 2003). Fulmer's decision to negotiate with Mize to fill

the unexpected vacancy, and to pay him several thousand dollars more to get him to return, was a judgment call in the circumstances. "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004). At a minimum, Fulmer is entitled to qualified immunity. Because he is, Independence County is entitled to judgment as a matter of law too. *Turpin v. County of Rock*, 262 F.3d 779, 784 (8th Cir. 2001).

**3. Title VII/§ 1983.** The parties have stipulated to the first three elements under the *McDonnell Douglas* framework. *Wells v. SCI Management, L.P.*, 469 F.3d 697, 700 (8th Cir. 2006). The issue is whether the facts support a reasonable inference of gender discrimination. Harrell must make only a modest evidentiary showing at the *prima facie* case stage, *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874 (8th Cir. 2010), and she has done so. Harrell and Mize dealt with the same supervisor and were subject to the same standards. Mize made more money annually than Harrell. His GPS data showed that he spent some unexplained time driving around. He was not disciplined or terminated. Viewing the facts in Harrell's favor, she has shown that she was treated less favorably than Mize, a similarly situated male

employee. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011).

The County and Fulmer, however, have identified a legitimate, non-discriminatory basis for firing Harrell. The GPS data confirmed that Harrell engaged in "long term parking and idling[,]" № 44-7 at 5; № 40-3 at 12-15, and her termination letter stated that this "work conduct [was] not conducive to the requirements of . . . a field appraiser." № 44-7 at 5. Harrell does not dispute the fact that she parked for long periods of time, only her reasons for doing so.

So the case boils down to pretext — was Fulmer's reason for terminating Harrell a pretext for intentional gender discrimination? Harrell tries to show it was by arguing that she and Mize were similarly situated employees and subject to disparate treatment. But at this stage, the comparator standard is rigorous; Harrell must show that she and Mize were similarly situated in all relevant respects. *Wimbley v. Cashion*, 588 F.3d 959, 962 (8th Cir. 2009). Mize "must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without any mitigating or distinguishing circumstances." *Wright v. St. Vincent Health System*, No. 12-3162, 2013 WL 5225214, at *8 n.7 (8th Cir. 18 Sept. 2013).

Mize fits on the supervisor and standards issues. Potts supervised both Harrell and Mize. They were both subject to the same standards. Fulmer issued a memo to both Harrell and Mize to address the appraisers' idle time, emphasizing a slower work pace and a focus on better work quality. № 44-7 *at 4*. Fulmer installed GPS trackers on both appraisers' vehicles and tracked both appraisers' activities. Harrell argues that Fulmer did not analyze Mize's GPS data, but the record shows beyond dispute that he did. *E.g.*, № 44-6 *at 31-33*; № 44-7 *at 42-43*.

Harrell argues that Mize also engaged in misconduct, but was not fired or disciplined. She says that Mize "hopp[ed] back and forth from communities," apparently to kill time. № 45 *at 16*. The record seems to confirm that Mize drove around without explanation. *E.g.*, № 44-6 *at 32-37*; № 44-7 *at 42-43*. The Court agrees with Harrell that killing time by driving around was misconduct too. But Harrell has not shown that Mize's actions were similar enough to her actions to make him a comparator at the pretext stage. *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 775 (8th Cir. 2003). Harrell has the burden of demonstrating that Mize was similarly situated in all relevant aspects, *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000), and she has not met

proof with proof. Both appraisers' activities were misguided, but Harrell has not shown that Mize's misconduct was comparable in either degree or frequency, *Bone v. G4S Youth Services, LLC*, 686 F.3d 948, 956 (8th Cir. 2012), nor has she shown that they did the same things wrong but were disciplined in different ways. *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994). The Court of Appeals' precedent binds this Court to hold Harrell to an extremely strict proof requirement here.

Harrell acknowledges that Mize's misconduct was "just the opposite" of her misconduct. № 46 at 8. She hurried through her work and then parked for long periods of time. She was working months ahead of schedule when she was fired, despite Fulmer's instructions to work more slowly. № 44-4 at 23. Mize, on the other hand, drove around more than he should have. Harrell points to only a few instances of Mize killing time this way; the GPS data shows that Harrell parked in vacant locations for longer than an hour more than twenty times in the three months before she was fired. № 44-7 at 57-60. Discounting some of that time for lunch, substantial idle time remains. "Violations of different company policies do not necessarily support an inference that employees are similarly situated, particularly when one

violation is considered more serious than the other." *Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 811 (8th Cir. 2005). Mize's misconduct was different in quantity and quality from Harrell's misconduct. Fulmer's differing responses are therefore not probative of pretext. *Kohler*, 335 F.3d at 776.

Harrell's burden of showing pretext "merges with the ultimate burden of persuading the court that [she was] the victim of intentional discrimination." *Torgerson*, 643 F.3d at 1046. The deep question is whether Fulmer terminated Harrell on the basis of gender or not, considering the whole record, including a comparison with how Fulmer treated Mize. Fulmer, it is undisputed, employed mostly women. № 46 at 9; № 40-3 at 4. There is no evidence of gender-based slights, remarks, or ill treatment through the years toward any female employee. So Harrell's claims come down to the pay difference and the firing. Based on all the circumstances, no reasonable fact finder could conclude that gender drove Fulmer's decision to fire Harrell. *Burkhart v. American Railcar Industries, Inc.*, 603 F.3d 472, 473-74 (8th Cir. 2010). Because Fulmer's actions were not unconstitutional, Harrell has no claim against the County as a matter of law. *McVay v. Sisters of Mercy*

*Health System*, 399 F.3d 904, 909 (8th Cir. 2005).

In any event, Fulmer's decision to fire Harrell because she was spending too much time idling was a matter of judgment. *Davis*, 375 F.3d at 712. Fulmer reviewed both appraisers' GPS data and concluded that Harrell's substantial idle time warranted substantial discipline. There was nothing objectively unreasonable about that decision in the circumstances. *Herts v. Smith*, 345 F.3d 581, 585 (8th Cir. 2003). Fulmer is therefore entitled to qualified immunity on Harrell's Title VII/§ 1983 claims. And the County is entitled to judgment because the claims against Fulmer fail. *Turpin*, 262 F.3d at 784.

**4. 42 U.S.C. § 1985.** Harrell's conspiracy claim fails as a matter of law for lack of a trial-worthy issue on her underlying discrimination claims. *Hanten v. School District of Riverview Gardens*, 183 F.3d 799, 809 (8th Cir. 1999).

\* \* \*

Defendants' motion for summary judgment, № *38*, is granted.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 September 2013