IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GENIE HARRELL                                                                                           PLAINTIFF

v.                                          No. 1:12-cv-20-DPM

INDEPENDENCE COUNTY, ARKANSAS;
ODUS FULMER, Tax Assessor for
Independence County, Arkansas, in his
Individual Capacity; and GREG POTTS,
Supervisor, Independence County, Arkansas
Tax Assessor's Office, in his Individual Capacity                          DEFENDANTS

ORDER

1. Harrell's motion for leave to file a surreply, № 116, motion for order, № 117, and supplemental motion for order, № 118, are denied. The Court heard all Harrell's trial testimony about her "I don't know" statement during the grievance hearing. No further records are needed.

2. Fulmer's motion for judgment as a matter of law, or a new trial, № 106, is denied. Harrell's discrimination case wasn't the strongest, but the evidence was sufficient to support the verdict against Fulmer. The jury could have credited her boys-club atmosphere testimony. She was paid a bit less than Mize. The GPS proof was so murky it could be interpreted in Harrell's

favor. The jury could have reasonably concluded that her gender tipped the balance in the face of substantially similar acts and omissions by Mize. It's certainly true that, when asked in her grievance hearing whether she thought she was treated differently than her male counterpart, Harrell responded "I don't know that I was." The Court disagrees with Fulmer's characterization of this response as a nuclear admission. The statement is ambiguous; inflection and context are needed to discern the meaning. The jury heard Harrell's testimony, as well as vigorous and thorough cross examination, about her words. The jury had to decide whether Harrell was making a concession or expressing lack of certainty. It was, in the end, the jury's call on what determined Fulmer's firing decision.

Neither the Court nor the parties caught any inconsistency in the verdicts when the jury announced them. With the agreement of counsel, the Court discharged the jury. In these circumstances, any inconsistency between the Independence County and Fulmer verdicts was waived. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998). To preserve the right to a new trial based on inconsistent verdicts, a party must object and seek resubmission of the case before the jury is discharged. *Lockard v. Missouri*

*Pacific Railroad Company*, 894 F.2d 299, 304 (8th Cir. 1990). No party did so here. "The purpose of the rule is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury." *Ibid*. Whatever the jury may have been thinking, the inconsistency cannot be deployed belatedly to secure a new trial or to undermine Harrell's recovery against Fulmer. *Compare Yazdianpour v. Safeblood Technologies, Inc.*, 779 F.3d 530, 538–39 (8th Cir. 2015).

**3.** Harrell's motion for an attorney's fee and costs, № *101*, is granted in part and denied in part. Harrell's lawyer requests $67,169.01, which covers all the time he devoted to the whole case at $350.00/hour. Fulmer asks the Court to deny a fee or award a reduced amount. (Fulmer's response was late because of a calendering error; the Court will consider it because we all make mistakes and there's no prejudice to Harrell.) Costs are undisputed. The Court therefore allows $1,884.01, which includes the following items covered by Rule 54(d) and the statute: the filing fee, deposition transcripts, and the grievance hearing transcript.

After considering all the material circumstances under *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983) and *Marez v. Saint-Gobain Containers,*

*Inc.*, 688 F.3d 958, 965 (8th Cir. 2012), the Court awards a reasonable attorney's fee of $33,570.00. First, the requested hourly rate is too high. The case was not factually complex, though some of the legal issues were a bit tangled. $225 an hour is appropriate, based on the Court's experience in these kinds of cases in this District. That rate would generate a fee of $41,962.50. Second, Harrell prevailed on one claim among several. Some went out on summary judgment, № 49, and the jury rejected two of the three claims tried. The Court must, therefore, discount the request based on lack of success. There was much overlap in the claims. But, for example, as Fulmer points out, the time for administrative proceedings is not recoverable. *Parke v. First Reliance Standard Life Insurance Company*, 368 F.3d 999, 1011 (8th Cir. 2004). Though it was prudent, and needed on other claims, there was no exhaustion required on the successful constitutional claim. Considering all these circumstances, the Court discounts the total after the rate reduction ($41,962.50) by 20%. That math generates the fee of $33,570.00. Harrell's lawyer is entitled to be paid for travel time. It's covered in the total.

* * *

Motions, № 106, 116, 117, & 118, denied. Motion, № 101, granted in part and denied in part. An Amended Judgment that specifies the fee and costs will be entered.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 October 2015